BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

MAR -3 1972

IN RE ALLEN COMPOUND BOW PATENT LITIGATION    )    DOCKET NO. 324

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM*, CHAIRMAN, AND EDWARD WEINFELD*,
EDWIN A. ROBSON*, JOSEPH S. LORD, III, STANLEY A. WEIGEL,
ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

This litigation consists of six actions pending in
four districts:  three actions in the District of Utah, and
one each in the Central District of California, the Eastern
District of Illinois, and the Western District of Wisconsin.

Allen Archery, Inc. (Allen Archery) is the owner by
assignment from Holless W. Allen of a patent issued in 1969 on the
"compound bow" -- an archery bow with draw force multiplying
attachments that allegedly employs principles totally
different from the long bows and recurve bows used by
archers for many centuries.  All the actions in this litiga-
tion involve disputes over the validity of the compound bow
patent.

---

\*       Judges Wisdom, Weinfeld and Robson took no part
in the consideration of this matter.

The California action was filed in February, 1976. The action was originally brought solely against an archery equipment manufacturer, and recently nine customers, suppliers or officers of the defendant manufacturer were added as defendants. The defendant manufacturer is accused of failure to pay royalties allegedly due on the compound bow patent under a patent license granted the manufacturer by Allen Archery. Allen Archery also seeks a declaratory judgment that this patent license agreement has been finally and legally terminated. Issues of patent validity, patent infringement, and fraud upon the United States Patent Office have been raised by amended claims, affirmative defenses and/or counterclaims.

The Illinois action, filed in August, 1977, is brought by an individual and another archery equipment company, licensees under the compound bow patent, against Holless Allen and Allen Archery. These plaintiffs claim that the compound bow patent is invalid and that the bows they manufacture do not infringe upon that patent.

The three Utah actions were filed in November, 1977. Two of these actions are each brought by Allen Archery against a different manufacturer of archery equipment, inter alia. Allen Archery charges the defendants in these two actions with infringement of the compound bow patent. In one of these two actions, Allen Archery also alleges that it and

defendant Browning Manufacturing Co. (Browning) entered a
license agreement regarding the compound bow patent, that
Browning has breached the agreement and that the agreement
has since been finally and legally terminated.

The third Utah action is brought against Holless
Allen and Allen Archery by Browning.  Browning seeks a
declaratory judgment that the compound bow patent is
invalid and that, in any event, Browning's products are
noninfringing.

The Wisconsin action, also filed in November,
1977, is brought by Allen Archery against another archery
equipment manufacturer.  Again, Allen Archery claims
infringement upon its compound bow patent, alleges breach
of a patent license agreement, and seeks a judicial de-
termination that the agreement between the defendant
manufacturer and Allen Archery has been finally and legally
terminated.

Allen Archery and Holless Allen move the Panel
for an order pursuant to 28 U.S.C. §1407 transferring the
actions pending in districts other than the Central District
of California to that district for coordinated or consolidated
pretrial proceedings with the action pending there. The parties

- 4 -

opposing Allen Archery and Holless Allen in the Utah, California, and Illinois actions have responded in opposition to transfer.

We conclude that transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation and, accordingly, we deny the motion to transfer.

Movants argue that all six actions share factual questions concerning the issue of validity of the compound bow patent and, because of the similarity of the alleged infringing devices, the issue of infringement as well. Although movants state that there has been substantial discovery in the California action on the common questions of fact in these actions, movants assert that Section 1407 transfer is necessary to conserve judicial effort and to prevent duplicative discovery, abusive discovery procedures, inconsistent pretrial rulings and extra costs. Movants stress that Holless Allen is the key figure in this litigation, that he is 68 years old and in poor health, and that therefore transfer is needed in order to eliminate the physical strain to which he would be subjected if required to participate in separate pretrial activities in each action.

We find these arguments unpersuasive.  Although we recognize the existence of common questions of fact among these actions, movants have not met their burden of demonstrating that transfer will further the purposes of Section 1407.  The California action has been pending for approximately two years, is well advanced, as movants acknowledge, on discovery concerning the common factual questions in this litigation, is set for a final pretrial conference on April 7, 1978, and is thus nearly ready for trial.  Under the collateral estoppel principles of <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313 (1971), a determination of patent invalidity in that action would likely prove dispositive of that issue in the remaining actions in this litigation.  <u>See also In re Illinois Tool, Inc.  v. Foster Grant Co., Inc.</u>, 547 F.2d 1300, 1302-03 (7th Cir. 1976).  Additionally, a motion for a stay of proceedings has been filed in each of the Utah actions, which, if granted, will sharply reduce the number of active actions in this litigation.

We note that suitable alternatives to transfer under Section 1407 exist in order to minimize the possibility of duplicative or unreasonable discovery, including any unnecessary inconvenience to Holless Allen.  For example, the parties may request from the appropriate district courts that discovery completed in the California action and relevant to any of the other actions be made applicable

to those actions;  the parties could seek to agree upon
a stipulation that any discovery relevant to more than
one action may be used in all those actions; notices for
a particular deposition could be filed in all actions,
thereby making the deposition applicable in each action;
and any party could seek orders from the courts before whom
the actions are pending to direct the parties to coordinate
their pretrial efforts.  See In re Commercial Lighting
Products, Inc. Contract Litigation, 415 F. Supp. 392, 393
(J.P.M.L. 1976).  See also Manual for Complex Litigation,
Part I, §§1.70 and 3.11, and Part II, §3.11 (rev. ed. 1977).
Moreover, as has been done in the Utah actions, the parties
may seek stays of the Illinois and Wisconsin actions pending
the outcome of the California action.

    Also, consultation and cooperation among the
concerned district courts, if deemed appropriate by
those courts, coupled with the cooperation of the parties,
would be sufficient to minimize the possibility of con-
flicting pretrial rulings.  See In re Texas Instruments,
Inc. Employment Practices Litigation, 441 F. Supp. 928 ,
929 (J.P.M.L., 1977).

    IT IS THEREFORE ORDERED that the motion to
transfer the actions listed on the following Schedule A
be, and the same hereby is, DENIED.

MDL-324 -- IN RE ALLEN COMPOUND BOW PATENT LITIGATION

## SCHEDULE A

### CENTRAL DISTRICT OF CALIFORNIA

Allen Archery, Inc. v. Jennings Compound
Bow, Inc., et al.

Civil Action
No. CV76-0546-DWW

### EASTERN DISTRICT OF ILLINOIS

Precision Shooting Equipment Co., etc. v.
Holless W. Allen, et al.

Civil Action
No. CV-77-0152-D

### DISTRICT OF UTAH

Allen Archery, Inc. v. Browning Mfg.
Co., et al.

Civil Action
No. NC-77-0072

Allen Archery, Inc. v. Bingham Projects,
Inc., et al.

Civil Action
No. NC-77-0073

Browning Mfg. Co. v. Holless W. Allen,
et al.

Civil Action
No. NC-77-0074

### WESTERN DISTRICT OF WISCONSIN

Allen Archery, Inc. v. Outers Laboratories,
Inc.

Civil Action
No. 77 C 396